IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 11-204-02 (SDW) |
| MICHAEL ROSE | : |

## STIPULATION ON REDUCTION OF SENTENCE

The parties in the above-captioned action respectfully stipulate as follows:

1. On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines was enacted, which reduces by two levels the offense levels assigned to most drug quantities under U.S.S.G. §2D1.1(c). This amendment is fully retroactive, effective November 1, 2015, pursuant to the terms of 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10.

2. Pursuant to U.S.S.G. §1B1.10(e) and cmt. (n. 6), this Court may conduct sentence reduction proceedings and enter orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later. The entry of orders before the November 1, 2015 effective date will permit the Bureau of Prisons (BOP) to process the orders, recalculate sentences, and begin reentry planning, a process which can take up to 10 months.

3. The defendant, MICHAEL ROSE, was sentenced on May 8, 2012 to 75 months imprisonment, based on conspiracy to import at least 500 grams but less than 2 kilograms of cocaine.

4. The defendant's current projected release date from the BOP is November 17, 2016.

5. The Sentencing Commission has established that courts shall apply the retroactive

amendment by "substituting only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. §1B1.10(b)(1).

6. The Sentencing Commission has further established that a court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to less than the bottom of the amended guideline range, except to reflect the defendant's substantial assistance to authorities. U.S.S.G. §1B1.10(b)(2)(A) and (B).

7. Thus, defendant's total calculations after receiving the benefit of the retroactive amendment would be as follows:

### Original Sentence

| | |
|---|---|
| Amount of Drugs | At least 500 grams but less than 2 kilograms of cocaine |
| BOL §2D1.1(c)(7) | 26 |
| §3E1.1 (a) and (b) | -3 |
| Total Adjusted BOL | 23 |
| Guideline Range (CHC IV) | 70 to 87 months |
| Mandatory Minimum | 60 months |
| Sentence Imposed | 75 months |

## Application of 2014 Amendment

| | |
|---|---|
| Amount of Drugs | At least 500 grams but less than 2 kilograms of cocaine |
| BOL §2D1.1(c)(8) | 24 |
| §3E1.1 (a) and (b) | -3 |
| Total Adjusted BOL | 21 |
| Guideline Range (CHC IV) | 57 to 71 months |
| Guideline Range, with mandatory minimum | 60 to 71 months |
| Sentence Imposed | 63 months |

8. It does not appear from the circumstances of the offense or from the defendant's conduct while in custody that a reduction in his term of imprisonment would present a danger to any person or to the community.

9. Therefore, the parties stipulate to the retroactive application of the sentencing amendment and hereby request that the Court amend defendant's judgment, pursuant to 18 U.S.C. §3582(c), to 63 months imprisonment. The remaining provisions of the May 10, 2012 judgment being re-incorporated therein.

Date:   January 16, 2015

Respectfully submitted,

Ronnell L. Wilson
Chief, Narcotics/OCDETF Unit
US Attorney's Office, District of NJ
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2923
Ronnell.Wilson@usdoj.gov

Karina D. Fuentes
Research and Writing Attorney
1002 Broad Street
Newark, New Jersey 07102
Tel. (973) 622-7150
Karina_Fuentes@fd.org
Counsel for Defendant Michael Rose